UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STORMY R. SLOUGH,<br><br>Plaintiff,<br><br>v.<br><br>TRUEACCORD CORP.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:24-cv-00191<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes STORMY R. SLOUGH ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TRUEACCORD CORP. ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Southern District of Texas.

1

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 and resides in Brownsville, Texas, within the Southern District of Texas.

5. Defendant is a third-party debt collector who engages in collecting or attempting to collect, directly or indirectly, default debts owed or due using mail, credit reporting, and telephone from consumers across the country, including those within the state of Texas. Defendant is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 16011 College Blvd., Suite 130, Lenexa, Kansas 66219.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon an allegedly defaulted utility obligation incurred with Michigan Gas Utilities ("subject consumer debt"), alleged to be owed by Plaintiff.

8. Upon information and belief, after the subject consumer debt was in default, Defendant acquired the right to collect or attempt to collect the subject consumer debt.

9. On or about November 23, 2024, Plaintiff's child's father, "Kevin," received an email ("Email") from Defendant to his personal email address, regarding the subject consumer debt.

10. The Email, addressed to Plaintiff, contained personal information, including, but not limited to, account numbers, social security number and date of birth.

11. This Email was the first written communication Plaintiff received from Defendant in connection with the subject consumer debt.

12. From Plaintiff's child's father informing her of the Email, Plaintiff learned that Defendant was attempting to collect upon the subject consumer debt.

13. This confused Plaintiff as, to the best of her knowledge, she did not have an outstanding balance with Michigan Gas Utilities when she moved out of the address Defendant is attempting to collect upon.

14. Plaintiff expressed further frustration and distress upon discovering that Defendant had shared her personal information with a third party without her consent.

15. As a result, Plaintiff's personal information was wrongfully given out to other third parties, further, Plaintiff was misled as to whether or not any debt was actually owed.

16. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money and resources dealing with the fallout of Defendant's conduct.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy by sharing her personal information with a third party absent consent, confusion, aggravation, emotional distress, being the target of unnecessary and harassing collection efforts, and a further violation of her federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

21. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others, and further, is a business whose principal purpose is the collection of debts.

    a. **Violations of FDCPA § 1692c *et seq.***

24. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector from communicating with anyone other than the consumer, in connection with collection of any debt "without the prior consent of the consumer given directly to the debt collector."

25. Defendant violated 15 U.S.C. §§ 1692(c) and 1692c(b) by contacting a third party without Plaintiff's prior consent. Defendant sent an email attempting to collect upon the subject consumer debt to Plaintiff's child's father, Kevin, without her prior consent. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy and distress stemming from Defendant's Email, containing identifying personal information, being sent without Plaintiff's consent unconsented to a third party.

    b. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

28. Defendant violated §§ 1692e and 1692e(10) when it deceptively contacted a third party, without Plaintiff's consent, to attempt to collect upon the subject consumer debt. The Email

4

contained identifying personal information, which caused further confusion and distress for Plaintiff. Defendant falsely and deceptively represented its ability to contact a third party regarding an outstanding obligation since, under the FDCPA, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the purported debt through undue and deceptive means.

### c. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject consumer debt from Plaintiff. Specifically, it was unfair for Defendant to send a collection Email, which contained personal information, to a third party without Plaintiff's prior express consent as a means of placing undue external pressure on Plaintiff to address the subject consumer debt.

WHEREFORE, Plaintiff, STORMY R. SLOUGH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff or any third parties regarding Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" and/or "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

34. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the above-referenced portion of the TDCA in much the same way it violated § 1692e of the FDCPA.

WHEREFORE, Plaintiff, STORMY R. SLOUGH, respectfully requests that this Honorable Court grant the following:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff or any third parties regarding Plaintiff; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 30, 2024                             Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com