UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STORMY R. SLOUGH,<br>    Plaintiff(s), | § § § | |
| v. | § § | Civil Action No. 1:24-cv-00191 |
| TRUEACCORD CORP.,<br>    Defendant(s). | § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
Under Rule 26(f) of the Federal Rules of Civil Procedure
*(Please **restate** the instruction in **bold** before burnishing the responsive information.)*

1. **State where and when the conference among the parties required by Rule 26(f) and identify the counsel who attended for each party.**

   The Rule 26(f) meeting took place via email on April 1, 2025.

   **Attending for Plaintiff:**

   Nathan C. Volheim
   Federal I.D. No.: 3098183
   Admitted to the Southern District of Texas
   SULAIMAN LAW GROUP, LTD.
   2500 South Highland Avenue, Suite 200
   Lombard, IL 60148
   Tel: 630.568.3056
   Fax: 630.575.8188
   nvolheim@sulaimanlaw.com

   **Attending for Defendant:**

   EUGENE XERXES MARTIN, IV
   Texas State Bar No. 24078928
   Email: xmartin@mgl.law
   JUSTIN HAN
   Texas State Bar No. 24109917
   Email: jhan@mgl.law
   MARTIN GOLDEN LYONS
   WATTS MORGAN PLLC
   Northpark Central, Suite 1850
   8750 North Central Expressway
   Dallas, Texas 75231

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction**.

   Jurisdiction is based on federal question. Specifically, Plaintiff sued under the FDCPA. Accordingly, jurisdiction is proper under 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   Defendant currently does not contest the jurisdictional allegations, but reserves the right to challenge the jurisdiction or venue if discovery shows the jurisdictional allegation to be inaccurate.

5. **List anticipated additional parties when they can be added, if any.**

   June 28, 2025.

6. **List anticipated interventions, if any.**

   None.

7. **Describe class-action issues, if any.**

   None.

8. **State whether each party has completed the initial disclosures required by Rule 26(a). If not, describe the arrangements to complete the disclosures.**

   Neither party has exchanged Rule 26(a) disclosures at this time, but intend on doing so within the next thirty (30) days.

9. **Describe the proposed agreed discovery plan, including:**

   a. **Responses to all the matters raised in Rule 26(f).**

      The parties do not anticipate any issues with Electronically Stored Information ("ESI"). If any ESI is exchanged, .pdf will be the default format (where applicable) unless native format is requested.

    b. **When and to whom the <u>plaintiff</u> anticipates it may send interrogatories.**

        Plaintiff will issue her interrogatories to Defendant within the next thirty (30) days.

    c. **When and to whom the <u>defendant</u> anticipates it may send interrogatories.**

        Defendant anticipates sending interrogatories to Plaintiff during the discovery period.

    d. **Of whom and by when the <u>plaintiff</u> anticipates taking oral depositions.**

        Plaintiff intends on taking the deposition of Defendant's corporate representative(s) on or before August 5, 2025.

    e. **Of whom and by when the <u>defendant</u> anticipates taking oral depositions.**

        Defendant anticipates taking oral depositions of Plaintiff and other individuals who have knowledge of Plaintiff's allegations during the discovery period.

    f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

        May 12, 2025.

    g. **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).**

        Plaintiff does not anticipate expert testimony at this time.

    h. **List expert depositions the opposing party anticipates taking and their anticipated complete date.  *See* Rule 26(a)(2)(B) (expert report).**

        Defendant does not anticipate expert testimony at this time.

10. **If the parties cannot agree on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree with the discovery plan.

11. **Specify the discovery beyond initial disclosures that has been undertaken.**

None, at this time.

12. **State the date the planned discovery can reasonably be completed.**

    November 8, 2025.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiff is in favor of early resolution. The Parties agree to work together to promptly discuss the merits of the matter and share information in furtherance of the same.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff has tendered a settlement demand to Defendant and remains open to settlement. The parties agree to work together to promptly discuss the merits of the matter and share information in furtherance of settlement.

15. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    <u>Plaintiff</u>: Plaintiff is willing to participate in mediation in order to facilitate settlement.

    <u>Defendant</u>:   Defendant is willing to participate in mediation after discovery has been conducted.

16. **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to a Magistrate's jurisdiction.

17. **State whether a jury demand has been made and if it was made on time.**

    A jury demand was timely made in Plaintiff's Complaint.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties agree that it will take 16 hours to try this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

20. **List other pending motions.**

    None at this time.

21. **Convey other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

22. **List and summarize all issues pending in the case. Include a statement that counsel have met and agreed on the summation list of issues.**

    Plaintiff: Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 et *seq.* Specifically, Plaintiff alleges that Defendant is trying to collect upon an alleged balance which is in aware of. Plaintiff alleges that Defendant sent a third party, her child's father "Kevin," an initial email disclosing her personal information absent her consent. Plaintiff further alleges she is the target of unwarranted and harassing collect efforts due to Defendant's conduct. Plaintiff believes that the issues in this case involve debtor harassment, discourse of personal information without consent, and whether or not Defendant engaged in deceptive, unfair, undue, and unconscionable conduct.

    Defendant: Defendant denies any violations of FDCPA occurred or TDCA violation occurred. Defendant did not sent any email to a third party.

    Issues:
    - Whether Defendant violated the FDCPA.
    - Whether Defendant violated the TDCA.
    - Whether Defendant disclosed Plaintiff's personal information to a third party without Plaintiff's consent.
    - Whether Plaintiff and Plaintiff's child's father are legal or common law spouses.
    - Whether Plaintiff suffered any damages.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Nathan C. Volheim (#3098183)
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

Eugene Xerxes Martin, IV (#24078928)
*Counsel for Defendant*
Martin Golden Lyons Watts Morgan PLLC
Northpark Central, Suite 1850
8750 North Central Expressway

Phone: (630) 575-8181  
nvolheim@sulaimanlaw.com

Dallas, Texas 75024  
Phone: (469) 375-6792  
xmartin@mgl.law

Approved:

*/s/ Nathan C. Volheim*_____  
Attorney-in-Charge, Plaintiff(s)

4/1/2025_____  
Date

*/s/ Xerxes Martin*_____  
Attorney-in-Charge, Defendant(s)

\_4/1/2025_____  
Date